UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**ROBERT CROOMS, JR.**            **DOCKET NO. 6:24-cv-1271**
                                                     **SECTION P**

**VERSUS**                                  **JUDGE ROBERT R. SUMMERHAYS**

**STATE OF LOUISIANA**            **MAGISTRATE JUDGE WHITEHURST**

**REPORT AND RECOMMENDATION**

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by Robert Crooms, Jr. (Crooms), who is proceeding *pro se* and *in forma pauperis* in this matter. He names as defendants Police Dept. of Abbeville, Trent Guidry and the State of Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For the reasons stated below, IT IS RECOMMENDED that Plaintiff's suit be DISMISSED WITH PREJUDICE.

**I.**      **Background**

Plaintiff alleges that he was incarcerated for 5 ½ years prior to his case being dismissed. He makes allegations of prosecutorial misconduct and contends that as a result of the actions of Trent Guidry, the lead detective, and Celeste White, the assistant district attorney, he endured pain and suffering and emotional distress as well as of wages. The time period he complains of was between October 25, 2016-April 1, 2022. The instant suit was filed on September 12, 2024. Doc. 1.

**II.**      **Law & Analysis**

**A. Frivolity Review**

Crooms has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). That statute provides for *sua*

*sponte* dismissal of any claim that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

**B.     Section 1983**

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, in order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 108 S.Ct. 2250, 2254–55 (1988).

**C.     Prescription**

Plaintiff filed the instant suit September 12, 2024, for incidents that he alleges occurred from October 25, 2016, through April 1, 2022.

"There is no federal statute of limitations for actions brought pursuant to 42 U.S.C. § 1983," so the federal courts borrow the limitations period of the forum state. *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). *See also, Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir. 1999)

("Federal courts borrow state statutes of limitations to govern claims brought under section 1983."); *White v. Gusman*, 347 Fed.Appx. 66, 67 (5th Cir. 2009) (unpublished) ("The prescriptive period for a claim brought under § 1983 is provided by the law of the state in which the claim arose."). Civil rights suits brought under § 1983 after July 1, 2024, are subject to the Louisiana limitations period of two years that applies to tort claims[1].

Though the Louisiana prescriptive period of two years applies to Plaintiff's civil rights claims, federal law controls when his claims accrued, i.e., when the limitations period starts. *Harris*, 198 F.3d at 157. Under federal law, a claim generally accrues "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured" and that there is a connection between his injury and the defendant's actions. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal quotation marks and citations omitted). "A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim." *Id.*, citing *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).

Plaintiff raises claims in this case related to alleged wrongdoings that occurred from October 25, 2016, through April 1, 2022. He did not file suit until September 12, 2024, more than two years from the latest date he knew facts that would support a claim. Because his claim is time barred, plaintiff has not stated a claim upon which relief can be granted.

### III. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that this suit be **DISMISSED WITH PREJUDICE** and all pending motions be dismissed as MOOT.

---

[1] Louisiana Civil Code art. 3492; Effective July 1, 2024, the prescriptive period for tort claims in Louisiana is extended to two years and Louisiana Civil Code art. 3492 will be repealed. 2024 La. Sess. Law Serv. Act 423 (H.B. 315) (WEST). For Plaintiff's claim, filed in September 2024, the two-year prescriptive period applies.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers this 4th day of October, 2024.

**Carol B. Whitehurst**
**United States Magistrate Judge**